IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**VOLTAGE PICTURES, LLC**,

    Plaintiff,

v.

**DOES 1–50 and DOES 1–50**,

    Defendants.
_____

Civ. Nos.    6:14-cv-812-MC
                  6:14-cv-816-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Voltage Pictures instituted these actions on or about April 3, 2014, in Marion County, Oregon, alleging violations of state trademark law. Certain Doe defendants removed the actions to this Court on May 16, 2014. Plaintiff asserts its trademark claim under ORS § 647.105 against a large number of users of various BitTorrent clients, identified only by their internet protocol (IP) addresses. Plaintiff alleges defendants collectively acted through a BitTorret protocol to download and distribute plaintiff's motion picture *Dallas Buyers Club* bearing plaintiff's registered trademark. On April 4, 2014, the state court granted plaintiff's motion for initial ex parte discovery to enable plaintiff to subpoena the internet service providers (ISP) for the identity of the alleged infringers.

    This Court, *sua sponte*, quashes the subpoenas because the complaint establishes that the Doe defendants have been improperly joined and must be severed in favor of the filing of individual actions against each Doe defendant.

1 – OPINION AND ORDER

A BitTorrent client allows a group of users, through a torrent file and tracker, to share small pieces of a larger file with numerous other users to eventually download the whole file to each individual user. Technically, no user shares the whole file with any other individual user (unless one user is an original uploader and only one other peer is in the swarm).

Large scale unlawful copying and peer-to-peer sharing technologies, such as BitTorrent, have a serious impact on the profitability of the commercial production of films such as *Dallas Buyers Club*. However, the need to discover infringers, who conduct their activities relatively anonymously through peer-to-peer networks, must be balanced against the rights of Doe defendants whose connection is merely committing the same type of act in the same type of manner. While these types of cases merit discovery and other opportunities under the federal rules of procedure, they do not merit the use of a reverse class action. This is particularly true given the proliferation of the use of this Courts' subpoena power to seek quick and easy settlements. Plaintiff currently seeks attorney fees in addition to the underlying injunctive relief.

Under Fed. R. Civ. P. 20, joinder is proper if (1) plaintiff's claims arise out of the same transactions and occurrences and (2) some question of law or fact common to all the defendants will arise in the action. *See* Fed. R. Civ. P. 20(a); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Even if these requirements are met, a district court must examine whether permissive joinder would "comport with the principles of fundamental fairness" or would result in prejudice to either side. *Desert Bank*, 623 F.2d at 1375.

Many judges have determined that the tactic of suing a large swath of users associated with IP addresses utilized in the BitTorrent cases, improperly joins dozens of defendants into a single action, i.e., swarm joinder. *See, e.g.*, *Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170(CM), 2012 WL 1744838, at *2 (S.D.N.Y. May 15, 2012) (noting several courts have

2 – OPINION AND ORDER

already determined joinder is improper); *but see AF Holdings LLC v. Does* 1–1,058, 286 F.R.D. 39, 55–56 (D. D.C. 2012) (finding that swarm joinder theory is permissible).

The number of courts holding that swarm joinder is not appropriate is growing. *See Malibu Media, LLC v. John Does 1–54*, Civil Action No. 12–cv–1407–WJM, 2012 WL 3030302, at *2 (D. Colo. July 25, 2012) (collecting cases); *see also Raw Films, Inc. v. Does 1–32*, Civil Action File No. 1:11–cv–2939–TWT, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011) ("The swarm joinder theory has been considered by various district courts, the majority of which have rejected it." (citation omitted)). For example, Judge James Gwin of the United States District Court for the Northern District of Ohio, severed Doe defendants *sua sponte* when he denied plaintiff's expedited discovery motion seeking to discover the identities of the individual Doe defendants. *See Safety Point Prods., LLC v. Does*, 2013 WL 1367078 (N.D. Ohio Apr. 4, 2013).

Plaintiff must allege facts that permit this Court to at least infer an actual, concerted exchange of data between the Doe defendants. *See Malibu Media, LLC*, 2012 WL 3030302, at *2; *see also Safety Point Prods.*, 2013 WL 1367078, at *3 ("In sum, participation in a specific swarm is too imprecise a factor absent additional information relating to the alleged copyright infringement to support joinder . . . ."). Here the allegations demonstrate participation in the alleged "collective" activity of sharing on February 7 and 8, 2014, and between February 26, 2014, and March 3, 2014. Likewise, the various users are alleged to have used a common ISP. However, the users are located in cities ranging from Saint Helens to Springfield, Oregon.

The complaints merely suggest that the Doe defendants committed the same type of violation in the same way. This suggestion is insufficient to warrant joinder under FRCP 20. Rather, the varying localities of the Doe defendants and the myriad of issues impacting

3 – OPINION AND ORDER

individual Doe defendants suggest a lack of fundamental fairness when joining all defendants into a single action.[1]

For instance, the various BitTorrent cases in this district have already demonstrated some IP addresses are dynamic, some routers associated with an IP address are unsecured, more than one user often shares an account associated with an IP address, some BitTorrent clients are configured in such a manner so as to only allow downloading and prevent uploading, and some IP addresses are associated with institutional accounts such as businesses or schools with a large amount of users. Not only can such differences among defendants give rise to differing defenses, they can create conflicts between defendants such that joinder would be unfairly prejudicial.

Moreover, the process is started generally by one person who breaks the encryption on the copyrighted material and begins the sharing process. The culpability associated with such an individual is far greater than another who may inadvertently join in the process unaware of the protected nature of the files downloaded. Again, there is unfair prejudice that will result if such divergent defendants are lumped together in a single action.

Even the pleadings by plaintiff suggest a prejudicial difference among defendants. Those pleadings provide, in relevant part:

> On information and belief, many defendants in Exhibit 1 have been compensated through benefits received for their participation in expanding the availability of

---

[1] Plaintiff does allege that it has been able to download a copy of the movie obtaining an integral portion from each defendant, but is unclear if each defendant is responsible for a single violation or if each is responsible for their own violation. Moreover, given that there are no allegations that any Doe defendant provided the entire file of the movie, it is unclear if any defendant may have reproduced plaintiff's registered trademark or some bit of digital data that plaintiff was able to reassemble to itself reproduce the trademark. Thus, it is unclear if plaintiff alleges a cause of action against any of the Doe defendants under ORS § 647.105 which permits a trademark holder to obtain an injunction against the "manufacture, use, display or sale of a counterfeit or imitation of the mark." Plaintiff does allege it has identified **each** defendant as copying and publishing the movie. Therefore, fundamental fairness dictates that each defendant be permitted to present a defense without the prejudice that may result from joining other possibly more culpable defendants.

4 – OPINION AND ORDER

> pirated content to others through BitTorrent networks, including works that bear plaintiff's mark.
>
> The use of BitTorrent does more than cause harm through the theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from theft through sales and advertising and a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise.
>
> Each of the defendants is a participant in the BitTorrent distribution of pirated files furthering a model of business that profits from theft of intellectual property including plaintiff's motion picture.

Pl.'s Compl. ¶ 46-48, Civ. No. 6:14-cv-00812, ECF No. 1-2; Pl.'s Compl. ¶ 46-48, Civ. No. 6:14-cv-00816, ECF No. 1-2. Thus, it is apparent that plaintiff seeks to place all users with the same degree of culpability regardless of intent, degree of sharing, and stake in profit. For instance, the grandparents whose teenage grandchild used their computer to download a movie through their IP address, are treated the same as an organization intentionally decrypting and duplicating movies en masse while planting stealth viral advertising into the upload stream. Moreover, by being lumped together, the Doe defendant who may have a legitimate defense to the allegedly infringing activity is severely prejudiced.

  This Court follows the majority of other courts in declining to condone this practice of en masse joinder in BitTorrent cases and hereby, orders all Does beyond Doe one severed and dismissed from the cases. Participation in a specific swarm is too imprecise a factor, absent additional information relating to the alleged infringement, to support joinder under Fed. R. Civ. P. 20(a). Moreover, to allow such a joinder would create logistically unmanageable cases involving unique defenses in addition to fundamental unfairness. Accordingly, this Court quashes all outstanding subpoenas and dismisses all Doe defendants beyond the first Doe in each case. <u>Plaintiff has 10 days from the date of this order to submit amended complaints</u>.

## **CONCLUSION**

For the reasons stated above, Doe defendants are ordered severed and dismissed in these cases beyond Doe #1 in each case. All outstanding subpoenas are quashed and all other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 21st day of May, 2014.

_____s/Michael J. McShane_____
**Michael J. McShane
United States District Judge**