David H. Madden
Mersenne Law LLP
9600 S.W. Oak Street
Suite 500
Tigard, Oregon 97223
(503)679-1671
dhm@mersenne.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **VOLTAGE PICTURES LLC**, a California limited-liability company,<br><br>                Plaintiff,<br><br>                    v.<br><br>**DOEs 1–50**,<br>              Defendants | Civil Action No.: ............ 6:14-cv-00812-MC<br>........................*related* 6:14-cv-00816-MC<br><br>**UNOPPOSED MOTION TO CORRECT *PRO HAC* ADMISSION OF MORGAN PIETZ** |

ON 21 May 2014, the undersigned moved to admit California attorney Morgan PIETZ *pro hac vice* in this matter to represent "certain DOEs 1-50." The proposed order also referenced "certain anonymous John Does in the above-captioned matter." However, an entry on the Court's Application for Special Admission form stated that Mr. PIETZ would represent "DOES 1-50." This statement was in error.

    Mr. PIETZ and the undersigned represent a total of seven (7) unnamed, unidentified and unserved DOE defendants in the present action and related action

6:14-cv-00816-MC.  In prior filings, and for reasons explained in the Motions to Quash submitted in the Oregon state court cases (copies included in the PACER docket at doc. #1, Exhibit #2), counsel have referred to the DOEs they represent by the initials A–G, rather than by Plaintiff's DOE numbers or IP addresses.  These defendants were dismissed via the Court's Order on 21 May 2014.

This Motion is submitted to notify the Court that neither Mr. PIETZ nor the undersigned represent DOE #1 in either action.  Any understanding to the contrary is incorrect, and counsel regret that their filings may have allowed this mistake to enter the record.

Counsel are prepared to identify their clients for the Court by filing, under seal, the DOE defendants' names, addresses, and copies of the Internet Service Provider letters by which these individuals became aware of these proceedings.  However, for reasons previously described, and as will be argued in further detail in planned oppositions to Plaintiff's Motion to Remand (doc. #9)[1], the DOEs identities should not be made public at the present stage of these proceedings.

///
///
///
///
///

---

[1] Although PIETZ and MADDEN's clients were dismissed by the Court's May 21st Order, Plaintiff's Motion to Remand also has the practical effect of a motion to reconsider the dismissal.  If, as Plaintiff argues in its Motion to Remand, this Court lacks jurisdiction over Plaintiff's claims, then a grant of remand would call into question the propriety of the May 21st dismissal of DOEs beyond DOE #1.  Thus, the "dismissed" DOEs would once again be placed in jeopardy in the state court action, and would have been deprived of their opportunity to argue here in favor of Federal jurisdiction of the action and preemption of Plaintiff's claims by the Copyright Act.

Respectfully submitted,

| 29 May 2014 | |
| --- | --- |
| Date | David H. Madden, SBN OR080396 |
| | Attorney for DOEs A–G (*not* DOE #1) |
| | Mersenne Law LLP |
| | 9600 S.W. Oak Street |
| | Suite 500 |
| | Tigard, Oregon 97223 |
| | dhm@mersenne.com |
| | (503)679-1671 |