David H. Madden
Mersenne Law LLP
9600 S.W. Oak Street
Suite 500
Tigard, Oregon 97223
(503)679-1671
dhm@mersenne.com

# In The United States District Court

## for the District of Oregon

### Eugene Division

| | |
|---|---|
| **VOLTAGE PICTURES LLC**, a California limited-liability company,<br>　　　　　　Plaintiff,<br><br>　　　　　　　　v.<br><br>**DOEs 1–50**,<br>　　　　　　Defendants | Civil Action No.: ............ 6:14-cv-00812-MC<br>........................*related* 6:14-cv-00816-MC<br><br>**UNOPPOSED MOTION TO CORRECT DOE DEFENDANTS REPRESENTED** |

**On 16 May 2014**, the undersigned filed Notices of Removal of two Oregon state actions to this Court. The notices stated that "certain anonymous John Doe defendants" had filed appropriate papers to effect such removal. Shortly thereafter, on 21 May 2014, District Judge McShane issued *sua sponte* orders in the removed cases, quashing subpoenas, dismissing DOEs 2–50 and requiring Plaintiff to amend its allegations.

　　Court personnel contacted the undersigned to determine which DOE defendants were represented by undersigned's offices, but specific identifications could not be

made without prejudice to these individuals.  The Court's records were then updated to show that this office represents all of DOEs 1–50.

Counsel hereby notifies the Court that he does not represent all of DOEs 1–50, and further that he does not represent DOE #1.  If the Court desires, DOEs represented by this office will be identified under seal by filing the DOE defendants' names, addresses, and copies of the Internet Service Provider letters by which the individuals became aware of these proceedings.  However, for reasons previously described, and as will be argued in further detail in planned oppositions to Plaintiff's Motion to Remand (doc. #9)[1], the DOEs identities should not be made public at the present stage of these proceedings.

Respectfully submitted,

29 May 2014
Date

David H. Madden, SBN OR080396
Attorney for DOEs A–G (*not* DOE #1)
Mersenne Law LLP
9600 S.W. Oak Street
Suite 500
Tigard, Oregon 97223
dhm@mersenne.com
(503)679-1671

---

[1] Although MADDEN's clients were dismissed by the Court's May 21st Order, Plaintiff's Motion to Remand also has the practical effect of a motion to reconsider the dismissal.  If, as Plaintiff argues in its Motion to Remand, this Court lacks jurisdiction over Plaintiff's claims, then a grant of remand would call into question the propriety of the May 21st dismissal of DOEs beyond DOE #1.  Thus, the "dismissed" DOEs would once again be placed in jeopardy in the state court action, and would have been deprived of their opportunity to argue here in favor of Federal jurisdiction of the action and preemption of Plaintiff's claims by the Copyright Act.