David H. Madden
MERSENNE LAW LLP
9600 S.W. Oak Street
Suite 500
Tigard, Oregon 97223
(503) 679-1671
dhm@mersenne.com
*Attorney for Certain John Does*

Morgan E. Pietz (Cal. Bar No. 260629)
THE PIETZ LAW FIRM
3770 Highland Avenue, Suite 206
Manhattan Beach, California (90266)
mpietz@pietzlawfirm.com
*Pro Hac Vice for Certain John Does*

<u>UNITED STATES DISTRICT COURT</u>

<u>DISTRICT OF OREGON</u>

<u>EUGENE DIVISION</u>

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,**<br>a California limited-liability company;<br><br>    Plaintiffs,<br>                        *v.*<br>**DOES 1-50**,<br><br>    Defendants. | Civil Action No.: 6:14-cv-812-MC[1]<br><br>[Removed from Marion County 14C13823]<br><br>**CERTAIN JOHN DOES'**<br>**CONSOLIDATED OPPOSITION TO**<br>**PLAINTIFF'S MOTION TO REMAND** |
| **VOLTAGE PICTURES, LLC,**<br>a California limited-liability company;<br><br>    Plaintiffs,<br>                        *v.*<br>**DOES 1-50**,<br><br>    Defendants. | Civil Action No.: 6:14-cv-816-MC<br><br>[Removed from Marion County 14C13824]<br><br>Both cases assigned to:<br>Honorable Michael J. McShane<br>United States District Judge |

---

[1] An identical version of this document is being filed on both case numbers listed on the caption.

*CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION*
*TO PLAINTIFF'S MOTION TO REMAND*

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................2

I. INTRODUCTION AND SUMMARY ......................................................3

II. FACTUAL AND PROCEDURAL BACKGROUND...............................4

III. ANALYSIS ...............................................................................................6

    (a)  The Court's Subject Matter Jurisdiction Over These Cases Depends On Copyright Act Preemption, Which Is A Merits Dispositive Issue....................6

    (b)  Voltage's Claim, Which Seeks To Stop Copying And Distribution Of A Copyrighted Motion Picture, Is A Textbook Example Of A Copyright Claim In Disguise And Is Preempted Under Binding Ninth Circuit Precedent ..........7

        (1)  Statutory Basis For Preemption Under Section 301 Of The Copyright Act...................................................................................................................7

        (2)  The First Prong Of The Preemption Test Is Satisfied Because Voltage's Claim Is Focused Squarely On A Copyrightable Motion Picture And Thus Comes Within "The Subject Matter Of Copyright" ....................8

        (3)  The Second Prong Of The Preemption Test Is Satisfied Because Voltage's Claim Specifically Seeks To Stop "Copying" And "Distribution" Of A Work Of Authorship, Which Are Both Exclusive Copyright Rights................................................................................11

    (c)  Voltage's Other Arguments Are All Without Merit ........................................13

    (d)  Since Voltage's Only Claim Is Preempted, And Voltage Chose Not To Amend, Dismissal Of All Does With Prejudice Is The Appropriate Disposition Of This Matter ...........................................................................16

IV. CONCLUSION .......................................................................................17

## I.  INTRODUCTION AND SUMMARY

Plaintiff Voltage Pictures, LLC ("**Voltage**")'s only claim, which it styles as an action to enforce its state trademark rights, seeks to stop people from downloading a copyrighted movie using BitTorrent.  In reality, this is just a copyright lawsuit in state court disguise, and Voltage's ostensible state law claim is preempted by the Copyright Act.  *See Jules Jordan Video, Inc. v. 144942 Canada Inc.,* 617 F.3d 1146, 1150 (9th Cir.  2010) (reversing district court and holding claim preempted where the "essence of [the plaintiff's] claim is that the [] defendants reproduced and distributed DVDs without authorization."); *citing Laws v. Sony Music Entm't. Inc.,* 448 F.3d 1134, 1144 (9th Cir. 2006) (claim was preempted where plaintiff ostensibly sought to protect non-copyrightable voice pursuant to state law "when the entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium").

Since Voltage's only claim is preempted by the Copyright Act, it arises under federal law, these cases were properly removable on that basis, and the Court had subject matter jurisdiction to dismiss all Does other than Doe number one for misjoinder.  *See, e.g., NTD Architects v. Baker*, 2012 U.S. Dist. LEXIS 89160, 16-17 (S.D. Cal. June 27, 2012; *Bierman v. Toshiba America Info. Sys. Inc.,* 473 Fed. Appx. 756, 758 (9th Cir. 2012) (unpublished concurrence); *Rosciszewski v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005); *Briarpatch Ltd., L.P. v Phoenix Pictures, Inc.,* 373 F.3d 296, 305 (2d Cir. 2004); *Ritchie v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005)

In essence, by filing the instant motion for remand attacking the propriety of this Court's subject matter jurisdiction, Voltage is forcing an issue that is merits dispositive of its only claim.  In order to decide the instant motion (which also entails either vindicating or reconsidering the jurisdictional basis for the Court's prior dismissal without prejudice on

*CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION*
*TO PLAINTIFF'S MOTION TO REMAND*

misjoinder grounds), the Court must decide whether Voltage's only claim is preempted by the Copyright Act. If the Court concludes that Voltage's claim is indeed preempted, then it should not only deny the instant motion, but it should dismiss the instant complaints *with prejudice* against *all* Does, because the only asserted claim cannot succeed as a matter of law, and plaintiff chose not to amend within the time allotted by the Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As the Court is already aware, Voltage is a serial filer of copyright infringement actions that has been quite active in this judicial district, among others. The prevailing view on the Ninth Circuit, as recognized both by this Court and by Judge Aiken in an earlier string of Voltage decisions in this district[2], is that Voltage and similar plaintiffs bringing this kind of John Doe discovery action generally may not sue defendants by the dozen by relying upon the controversial "swarm joinder" theory. In a fairly transparent attempt to avoid this district's clear prohibition of multiple-Doe copyright infringement cases, Voltage has simply dressed its claim for copyright infringement up in state trademark clothing, to avoid federal court, and the law, so as to try and obtain multi-defendant discovery on the cheap.

In each of the instant state complaints Voltage sues 50 John Does and asserts a single claim for relief which it styles as an action to enforce its state trademark rights pursuant to Oregon Revised Statutes § 647.105. Voltage alleges as factual background that it has a registered Oregon state trademark for its logo. Complaint at ¶¶ 4–12. Although Voltage does not specifically allege this in its complaint, it explains in the motion to remand that this logo appears at the very beginning, and then again in the end credits of the movie *Dallas Buyer's Club*,

---

[2] *Voltage Pictures, LLC v. John Does 1-198*, D. Or. No. 3:13-cv-0295-AA, ECF No. 78, 5/4/13.

*CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION TO PLAINTIFF'S MOTION TO REMAND*

which Voltage helped produce.  Motion to Remand at pp. 14–15. . The only actual cause of

action alleged in the complaint, which does not incorporate any of the prior factual allegations, is

reproduced here in its entirety:

"CLAIM FOR RELIEF
ORS 647.105 – State Trademark

> 81.      Defendants, and each of them, without authorization or consent of
> plaintiff, used, copied and / or distributed a reproduction, counterfeit copy of
> plaintiff's motion picture bearing plaintiff's registered trademark VOLTAGE
> PICTURES.
> 82.      Defendants, and each of them, have acted with knowledge and in bad
> faith in their infringement of plaintiff's rights.
> 83.      Plaintiff is entitled to an order of from [sic] this Court enjoining
> defendants from infringing plaintiff's rights and directing defendants to delete all
> unauthorized copies of plaintiff's motion pictures."  ECF No. 1-2, pp. 15–16[3]
> (Complaint).

In the prayer, Voltage seeks an injunction "enjoining each defendant from plaintiff's rights in

plaintiff's mark, including without limitation by using the Internet to reproduce, copy or

distribute any motion picture which bear's plaintiff's mark," and an order directing "each

defendant to destroy all unauthorized copies of plaintiff's motion pictures.[4]"  ECF No. 1-2, p. 16.

Alleging that Voltage's claim was merely a copyright infringement claim in disguise,

and thus preempted by the Copyright Act, certain John Does removed Voltage's cases to federal

court.  ECF No. 1-1, 5/16/14.  Shortly thereafter, and before these Does filed their planned

motion to dismiss on the merits on preemption grounds, the Court *sua sponte* dismissed all Does

other than Doe number one, in both cases, for misjoinder.  *See* ECF No. 5, 5/21/14.  The Court

---

[3] Unless otherwise indicated, all "ECF No." references shall be to the low numbered case, 14-cv-812, and all page
references will be to the ECF pagination in the header.

[4] Presumably, Voltage *meant* to pray for an order directing each defendant to destroy any unauthorized copies of
plaintiff's works that he or she may have in his or her possession, rather than an order directing each defendant to
destroy all unauthorized copies that may exist anywhere in the universe, which is obviously impractical and
overbroad.  Nevertheless, technically, Voltage prays for the latter.

|    *CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION*
*TO PLAINTIFF'S MOTION TO REMAND*

dismissed all Does other than Doe No. 1 without prejudice, and gave Voltage ten days to file amended complaints.  *Id.* at p. 5.  This Voltage did not do.

Instead, on May 27, 2014, Voltage filed the instant motion to remand the remaining case against John Doe number one to state court, asserting that this Court lacks subject matter jurisdiction and arguing that there was a defect in removal.

Voltage's motion to remand asserts that these cases were not properly removable because this Court supposedly lacks subject matter jurisdiction over Voltage's state trademark claim (a claim that Does will show is merely a copyright claim in disguise and thus preempted). If Voltage were to succeed on its jurisdictional argument, that would arguably invalidate the Court's order dismissing all Does other than Doe number one.  It is for this reason that the certain John Does who removed this case feel compelled to oppose remand and defend removal, even though they have already been dismissed from this case without prejudice, and Voltage failed to file amended complaints against them individually within the time allotted by the Court to do so.

## III.  ANALYSIS

**(a)    The Court's Subject Matter Jurisdiction Over These Cases Depends On Copyright Act Preemption, Which Is A Merits Dispositive Issue**

The Court's subject matter jurisdiction over these cases is predicated upon the fact that plaintiff's claims are preempted by the Copyright Act.

Claims arising under the Copyright Act (17 U.S.C. § 101 *et seq*) are within the original and exclusive jurisdiction of the federal courts (28 U.S.C. § 1338) (jurisdiction for copyright cases) and are, of course, properly removable (28 U.S.C. 1454) (removal for copyright cases). *See also* 28 U.S.C. §§ 1331 (general federal question jurisdiction) and 1441 (general removal for

federal question cases).

Although there is not yet *binding* Ninth Circuit precedent on the issue, the case law is clear, and essentially unanimous, that claims ostensibly pled under state law that are preempted by the Copyright Act arise under the Copyright Act and are removable to federal court on that basis. *See, e.g., NTD Architects v. Baker*, 2012 U.S. Dist. LEXIS 89160, 16-17 (S.D. Cal. June 27, 2012; *Bierman v. Toshiba America Info. Sys. Inc.*, 473 Fed. Appx. 756, 758 (9th Cir. 2012) (unpublished concurrence)[5]; *Rosciszewski v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005); *Briarpatch Ltd., L.P. v Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *Ritchie v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005).

Voltage makes no serious effort to dispute any of the foregoing, all of which is apparent on the face of Does' notice of removal.  ECF No. 1-1, p.2.  Instead, Voltage challenges the Court's subject matter jurisdiction by arguing that its state trademark claim is not preempted by the Copyright Act, that there were defects in removal, and with a variety of puzzling non sequiturs (e.g., the argument that federal courts should defer to state courts on novel questions of state law).  Accordingly, since Voltage does not address or dispute any of the cases cited above, Doe will not belabor the point.

### (b)    Voltage's Claim, Which Seeks To Stop Copying And Distribution Of A Copyrighted Motion Picture, Is A Textbook Example Of A Copyright Claim In Disguise And Is Preempted Under Binding Ninth Circuit Precedent

#### (1)    Statutory Basis For Preemption Under Section 301 Of The Copyright Act

The Copyright Act preempts state laws pursuant to Section 301,

---

[5] The unpublished Ninth Circuit case is perhaps particularly instructive because it also presented a situation that involved preemption, and where a court dismissed claims without first making a predicate finding that it properly had subject matter jurisdiction based on those preempted claims.

*CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION TO PLAINTIFF'S MOTION TO REMAND*

"On and after January 1, 1978, all legal or equitable ***rights that are equivalent to any of the exclusive rights within the general scope of copyright*** as specified by section 106 [17 U.S.C. § 106] in works of authorship that are ***fixed in a tangible medium of expression and come within the subject matter of copyright*** as specified by Sections 102 and 103 [17 U.S.C. §§ 102, 103], whether created before or after that date and whether published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."  17 U.S.C. § 301(a) (emphasis added).

Typically, when evaluating copyright preemption, federal courts refer to a two prong test, which analyzes the subject matter of copyright as the first prong, and then they go on to consider equivalency to exclusive copyright rights, which is the second prong of the test.  Since the potential subject matter of copyright is so broad, the first prong of the preemption test is usually satisfied and "the major focus of litigation has been on the second prong of the preemption test."  *Montz v. Pilgrim Films & Televisions, Inc.*, 649 F.3d 975, 980 (2011) (*en banc*).

> (2)   <u>The First Prong Of The Preemption Test Is Satisfied Because Voltage's Claim Is Focused Squarely On A Copyrightable Motion Picture And Thus  Comes Within "The Subject Matter Of Copyright"</u>

Obviously, there can be no dispute that motion pictures constitute copyrightable subject matter, since motion pictures are specifically listed as such in the statute.  17 U.S.C. § 102(a)(6). Indeed, the motion picture at issue here, *Dallas Buyers Club*, is actually registered with the copyright office and Voltage, through its affiliate[6] Dallas Buyer Club, LLC, has a lucrative business going suing people in federal court for copyright infringement of this movie.  *See, e.g., Dallas Buyers Club, LLC v. John Does 1-31*, S.D. Tx. No. 4:14-cv-0248, ECF No. 1, 2/3/14 (complaint for copyright infringement); *Dallas Buyers Club, LLC v. John Does 1-55*, N.D. Ill.

---

[6] Counsel for Voltage here, Mr. Crowell, has represented that he is also authorized to bind Dallas Buyers Club, LLC.

| *CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION TO PLAINTIFF'S MOTION TO REMAND*

No. 1:14-cv-1638, ECF No. 1, 3/10/14 (same).

In an effort to argue this prong of the preemption test, Voltage suggests that its logo mark is not independently copyrightable, and that the parts of the movie featuring the logo are distinct and severable from the main movie itself.   This is all wrong.

Initially, while it is true that "words and short phrases such as names, titles and slogans" are generally not copyrightable, that is not the kind of mark Voltage is suing upon.  Voltage is suing on a logo mark, with design.  Designs such as Voltage's logo probably are copyrightable. Accordingly, citing law that talks about a word mark being non-copyrightable, and then arguing that Voltage's trademarked logo is not copyrightable is a head fake; the logo may well be copyrightable as an original design, even though word marks generally are not.

Further, and more to the heart of the matter, Voltage cites to precisely zero legal authority in support of its suggestion that the *parts* of the movie that feature its logo should be deemed "distinct and separate" from the movie itself, and therefore considered separately for preemption purposes.  Indeed, when it comes to movies, just the opposite is true.  Motion pictures, which are copyrightable as a whole, are typically comprised of many different kinds of separately copyrightable component works of authorship (e.g., screenwriter's copyright in the script, composer's copyright in the score, cameraman's copyright in the film he shoots/fixes). The fact that there are different elements to the movie that, if taken individually, might be separately copyrightable (or specifically not copyrightable, as Voltage asserts here) makes no difference to the fact that the complete movie, as a whole, is copyrightable subject matter.

Even if we accept Voltage's dubious and entirely unsupported proposition that the parts of the movie with the logo should be treated separately and that those separate parts are not protectable, it really does not matter; the first prong is still satisfied.  As the Ninth Circuit noted

of the first prong of the preemption test, "the scope of the subject matter of copyright law is broader than the protections it affords." *Montz v. Pilgrim Films & Televisions, Inc.*, 649 F.3d 975, 979 (2011) (*en banc*) *citing* 4 M. Nimmer and D. Nimmer, NIMMER ON COPYRIGHT § 19D.03[A][2][b] (rev. ed. 2010) ('[T]he shadow actually cast by the Act's preemption is notably broader than the wing of its protection.' *quoting* *U.S. ex rel. Berge v. Bd. of Trs. of Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir.1997) (which is quoting an earlier edition of Nimmer); *see also* *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (collecting cases and saying ""[w]e join our sister circuits in holding that the scope of the Copyright Act's subject matter is broader than the scope of the Act's protections").

The rule, which has "often been observed," that the "shadow actually cast by the Act's preemption is notably broader than the wing of its protection" is essentially a corollary of the intent of Congress that the Copyright Act should preempt the field. *See* 1 M. Nimmer and D. Nimmer, NIMMER ON COPYRIGHT § 1.01[B][2] (rev. ed. 2013) (noting that "this statutory condition to federal pre-emption may be seen as a codification of *Goldstein v. California*[7], which indicated—without expressly holding—that 'categories of writings which Congress has ... brought within the scope of the federal statute' are no longer eligible for state law protection.'").

Thus, in some cases, even where a work of authorship does ***not*** qualify for copyright protection, claims related thereto are nevertheless preempted, on the theory that if Congress wished to protect that kind of work, it would have done so in the Copyright Act. *See* 1 M. Nimmer and D. Nimmer, NIMMER ON COPYRIGHT § 1.01[B][2] (rev. ed. 2013) ("a work that by reason of its content falls 'within the subject matter of copyright as specified by Sections 102 and 103' [17 U.S.C. § 301(a)] falls within the ambit of federal pre-emption, even if it happens to be

---

[7] 412 U.S. 546 (1973)

*CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION*
*TO PLAINTIFF'S MOTION TO REMAND*

ineligible for federal protection.") *citing, inter alia, Durham Indus., Inc., v. Tomy Corp.*, 630 F.2d 905 (2d Cir. 1980) (citing Nimmer on this point and holding that pre-emption applied notwithstanding failure of plaintiff's work to meet copyright requirement of originality); *see also Decorative Aides Corp. v. Staple Sewing Aides Corp.*, 497 F. Supp. 154, 160 (S.D.N.Y. 1980) *aff'd mem.*, 657 F.2d 262 (2d Cir. 1981).

In other words, even if one were to isolate out specific parts of a motion picture that are not copyrightable if considered separately, those separate parts would still be sufficiently related to the motion picture that they fall under the broader "shadow" of the act's preemption, even if they do not fall under the "wing" of its protection.

In sum, the first prong of the preemption test is satisfied, because Voltage's claim is focused on a copyrightable motion picture, and even if the logo were non-copyrightable and separately, it would still be close enough to fall within the broader shadow cast by the Copyright Act's preemption.

(3)     The Second Prong Of The Preemption Test Is Satisfied Because Voltage's Claim Specifically Seeks To Stop "Copying" And "Distribution" Of A Work Of Authorship, Which Are Both Exclusive Copyright Rights

In *Jules Jordan* the plaintiff sought to assert rights under state law to his name and persona, neither of which are copyrightable. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1150 (9th Cir. 2010). In *Laws*, the plaintiff sought to assert rights in her voice, which also is not copyrightable. *Laws v. Sony Music Entm't. Inc.*, 448 F.3d 1134, 1144 (9th Cir. 2006). In both cases, the Ninth Circuit focused on the fact that gravamen of the complaint was copying of a copyrightable work, and that "the entirety of the allegedly [non-copyrightable element] is contained within a copyrighted medium." *Id.*

This case is really no different. Plaintiff asserts (although as noted above, this is

dubious) that Voltage's logo trademark is not copyrightable. Like the porn star's name and persona in _Jules Jordan_, or the singer's voice in _Laws_, here we have a corporation's trademark, which plaintiff asserts is not copyrightable on its own. In these cases, as here, the supposed infringement or misappropriation under a state law theory actually takes the form of alleged unauthorized copying and distribution of a copyrighted work.

Voltage really could not have been clearer that this case is really about the "reproduc[tion], copy[ing], or distribut[ion]" of the copyrighted movie Dallas Buyer's Club. Complaint at ¶¶ 4, 8, 26–35, 81–83 and prayer. The right to reproduce (17 U.S.C. § 106(1)) and distribute (17 U.S.C. § 106(3) works are both exclusive copyright rights reserved to the copyright owner. Beyond the supposed online copying of the copyrighted _Dallas Buyers Club_ movie, which happens to feature the Voltage logo, no other factual conduct is alleged of any kind.

Although it was certainly aware that Copyright preemption was being asserted (see, e.g., Notice of Removal), Voltage does not even bother to try to point to an "extra element" that supposedly "transforms" the nature of the claim alleged into something different from a copyright claim. _Laws_, 448 F.3d at 1144 (mere presence of "extra element" is not enough, the element must "transform the nature of the action"). Nor does Voltage even attempt to argue the second prong of the preemption test. Accordingly, Does will not spend much time briefing that issue; Voltage has waived it and apparently concedes that the second prong of the preemption test is satisfied.

* * *

In sum, this case is like _Jules Jordan_ and _Laws_ where plaintiffs tried to plead around the Copyright Act and/or avoid federal court, by asserting ostensible state law theories that actually reduce to assertions of copying and distribution of copyrightable material. Accordingly, this

Court should follow those cases and hold that Voltage's claim is preempted, and therefore, as outlined in section III (a) above, removable.

**(c)    Voltage's Other Arguments Are All Without Merit**

Voltage's lead argument is that a defendant must prove the right to remove with "summary judgment type" evidence. Motion to Remand, pp. 7.  While that is true and that standard does come up, say in the context of proving where parties reside for the purpose of diversity jurisdiction, here the propriety of removal is a pure question of law.  All of Voltage's points about evidentiary burden are beside the point.  The only facts defendant needs here are Voltage's allegations from the complaint, as that is the only thing that really bears on whether the claim at issue is preempted by the Copyright Act.

Voltage's second argument is that there was a defect in removal because not all defendants joined in the notice of removal.  Motion to Remand at 8.  However, "special rules" apply to removal of copyright claims; unanimity is not required; "any party" may remove a copyright case.  *See* 28 U.S.C. § 1454(b)(1).

Next, Voltage protests that removal by anonymous parties is not appropriate.  Doe defendants engaged in file sharing have a First Amendment right to anonymity.  *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002) citing *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 579 (N.D. Cal. 1999);  *Arista Records, LLC v. Doe,* 604 F.3d 110, 119 (2d Cir. 2010); *citing Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004) (surveying case law and concluding "that the use of P2P file copying networks to download, distribute, or make sound recordings available qualifies as speech entitled to First Amendment protection"); *Call of the Wild Movie, LLC v. Does 1-1,062,* D.D.C. Case No. CV-10-455, Dkt. No. 40, 3/22/2011, p. 21 ("file-sharers are engaged in

expressive activity, on some level, when they share files on BitTorrent, and their First

Amendment rights must be considered before the Court allows the plaintiffs to override the

putative defendants anonymity by compelling production of the defendants' identifying

information.").

       Many courts rightly conclude that file sharing is not really pure speech, so the First

Amendment protection afforded to preserving the anonymity John Doe file sharers should be

minimal.  But the fact that the First Amendment is implicated, even slightly, means that the

Court must engage in the requisite balancing.  In a case often cited on this First Amendment

issue in the subpoena context, Judge Jensen of the Northern District of California concluded that

before allowing a plaintiff to unmask an anonymous defendant, the "plaintiff should establish to

the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss."

_Columbia Ins. Co. v. Seescandy.com_, 185 F.R.D. 573, 579 (N.D. Cal. 1999) _citing_ _Gillespie v._

_Civiletti,_ 629 F.2d 637, 642 (9th Cir. 1980).

       Here, of course, Voltage utterly fails to state a prima facie claim for relief and the

complaint cannot withstand a motion to dismiss.  In addition to the fatal preemption problem

detailed above, which is determinative, Voltage has failed to even state a valid claim under

Oregon's state trademark law.  Nowhere in the complaint does Voltage allege that Does viewing

its mark (and then doing what with it exactly?) has resulted in a "prohibited act" likely to cause

confusion, as required by ORS 647.095(1).

       In any event, counsel for the certain Does responsible for removing this case, and now

defending the Court's jurisdictional basis for the dismissal order, have now stated on the record

several times that they would be happy to lodge their identities _with the court only_, in order to

assuage any concerns the Court may have that these are actual parties to this suit.  Does remain

willing to do this, should the Court request it.  Voltage should not be allowed to smoke out which of its subpoena targets can afford a lawyer by filing misjoined, preempted state law claims.  To allow Voltage to profit from the current 50-Doe lawsuits, even in that marginal way, will only encourage further a-little-too-creative attempts to work around this district's rule against swarm joinder.

Voltage also argues that the Does who removed "may" have waived their right to remove by filing motions to quash the ISP subpoenas in the state court.  Of course, the cases Voltage cites selectively fail to tell the whole story.  Waiver of removal must be "clear and unequivocal." *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989).  Generally, removal is usually only waived if the removing party seeks some kind of *affirmative* relief from the state court, like filing a permissive cross-complaint.  *See Schmitt v. Insurance Co. of N. Am.*, 845 F.2d 1546, 1548 (9th Cir. 1988).  Filing an answer or a motion to dismiss, generally does not constitute an affirmative waiver of a right to remove.  *Bedell v. H.R.C. Ltd.*, 522 F. Supp. 732, 738 (E.D. Ky. 1981).

Here, the certain Does who removed did file a motion to dismiss and quash the ISP subpoena.  ECF No. 1-2, pp. 70–83.  In the motion, the primary argument was that the state court lacked jurisdiction to adjudicate the claim, as the claim was preempted by the Copyright Act.  *Id.* at pp. 73–75.  Although there is a 30-day deadline for removal, that motion was due on a shorter deadline, and was simply filed in order to avoid having the Does been identified while counsel continued to work on a Notice of Removal.  Voltage's counsel was fully appraised the whole time that Does would be seeking to remove, but would be filing something in state court in the interim, to meet the ISP's deadline for objections and thus preserve their anonymity.  All this is hardly an affirmative, as opposed to a defensive, action in the state court that clearly and

unambiguously evidences an intent to waive removal.

**(d)     Since Voltage's Only Claim Is Preempted, And Voltage Chose Not To Amend, Dismissal Of All Does With Prejudice Is The Appropriate Disposition Of This Matter**

As noted, by filing the instant remand motion, Voltage has, in effect, forced the Court to decide a dispositive issue: is the state trademark claim preempted?  Per the analysis above, the answer to that question is clearly yes.  From that conclusion several things flow.

First, the court properly had jurisdiction to issue its thoughtful order dismissing most Does without prejudice, on the ground of misjoinder.

Second, particularly since Voltage chose not to amend or re-file any complaints within the 10-days it was given by this Court to do so, it is clear that no amendment by Voltage is going to cure the instant problem, and that the only claim asserted against the defendants is preempted as a matter of law.  Therefore, the complaint should be dismissed against ***all*** Does, including Does number one, with prejudice.

Third, if the case is dismissed with prejudice, Does are prevailing parties as to the state trademark claim, and are thus entitled to costs and attorney's fees under Section 505 of the Copyright Act.  See _Rosciszewski_, 1 F.3d at 232 (since preempted state law claims arise under the Copyright Act, statutory prevailing party costs and attorney's fees are available).

Voltage was warned, multiple times, in writing and over the phone, that if it insisted on pursuing this state trademark theory, it would probably end up being dismissed on preemption grounds and that fees were potentially available in that circumstance.  Indeed, as far back as May 1, 2014, which was the date of undersigned counsel Pietz wrote Voltage the first formal letter about this case, Voltage was given the citation to _Rosciszewski_ and warned that fees were

*CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND*

available on preempted state law claims.  The same letter also cited most of the other law

material to this motion, including _Jules Jordan_ (which Voltage notably ignores altogether) _Laws_,

and all of the cases on removal jurisdiction.


## IV.  CONCLUSION

For all of the foregoing reasons, the certain John Does who removed this case

respectfully request that the Court deny the instant motion to remand, find that Voltage's claim

for state trademark infringement is preempted by the Copyright Act, and therefore dismiss this

case in its entirety with prejudice, as to all John Does.

Respectfully submitted,

DATED: June 13, 2014


THE PIETZ LAW FIRM                        MERSENNE LAW, LLC

_/s/ Morgan E. Pietz_                      _/s/ David H. Madden_

Morgan E. Pietz (Cal. Bar No. 260629)*    David H. Madden, SBN OR080396
3770 Highland Avenue, Suite 206           9600 S.W. Oak Street
Manhattan Beach, CA 90266                 Suite 500
mpietz@pietzlawfirm.com                   Tigard, Oregon  97223
Telephone:   (310) 424-5557               dhm@mersenne.com
Facsimile:   (310) 546-5301               (503) 679-1671
*Pro Hac Vice in 14-cv-812-MC

_Attorneys for certain John Does in both cases identified on the caption_

_CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND_

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was

served upon the parties as listed in the attached service list on the date indicated,

☐    by handing it to the person;

☐    by leaving it at the leaving it at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

☒    by mailing it to the address indicated;

☐    by leaving it with the court clerk;

☒    by electronic filing notification (CM/ECF); or

DATED: June 13, 2014      By:     /s/ Morgan E. Pietz

*CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION TO PLAINTIFF'S MOTION TO REMAND*

## SERVICE LIST

*VIA ECF*:

Carl D. Crowell, Esq.
Crowell Law
943 Liberty Street S.E.
P.O. Box 923
Salem, Oregon 97308-0923
Attorney for VOLTAGE PICTURES, LLC
In 14-cv-812 and 14-cv-816

Lory Ray Lybeck
Lybeck Murphy, LLP
7525 SE 24th Street
Suite 500
Mercer Island, WA 98040-2336
(206) 230-4255
Fax: (206) 230-7791
Email: lrl@lybeckmurphy.com
*Attorney for John Doe No. 10 in 14-cv-812*

*VIA U.S. MAIL*

Erin R. Christison
NOVATION LAW
5955 Shoreview Ln N. suite #102
PO Box 21534
Keizer, OR 97307
*Attorney for Doe No. 1 in 14-cv-812*

Garrett Maass, Esq.
5245 NE 31st Ave
Portland OR 97211
Tel: 503-313-1980
garrettmaass@csi.com
garrettmaass@gmail.com
*Attorney For Doe 29 in 14-cv-812*

*VIA U.S. MAIL (CONTINUED)*

Jena Robinson Law PLLC
2033 Sixth Avenue, Suite 800
Seattle WA 98121
206-728-7799 x112 (phone)
206-728-2729 (fax)
jrlawpllc@gmail.com
*Attorney for Doe 37 in 14-cv-816*

Mikelle L. Rupp
RUPP LAW LLC
29030 SW Town Center Loop E,
Suite 202-280
Wilsonville, OR 97070
503.922.0961 (phone)
503.980.7476 (fax)
kellyrupp@lawyer.com
*Attorney for Certain Doe in 14-cv-816*

John Doe 11
1841 Montreal Road, Suite #103
Tucker, GA 30084
*Pro Se in 14-cv-816*

John Doe 18
c/o Portland State Student Legal Services
PO Box 791
Portland, OR 97207
503.725.4556 (phone)
503.725.4555 (fax)
slms@pdx.edu
*Pro Se in 14-cv-816*

Benjamin Justus
LYBECK PEDREIRA & JUSTUS, PLLC
7900 Southeast 28th Street, Suite 500
Mercer Island, WA 98040
Phone: (206) 230-4255
Fax: (206) 230-7791
ben@lpjustus.com
*For Certain John Doe*

*CERTAIN JOHN DOES' CONSOLIDATED OPPOSITION TO PLAINTIFF'S MOTION TO REMAND*