IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**VOLTAGE PICTURES, LLC**,

        Plaintiff,

        v.

**DOE NO. 1, (IP 98.246.58.231), and DOE NO. 1, (IP 76.115.222.150)**,

        Defendants.

_____

Civ. Nos.    6:14-cv-812-MC
                  6:14-cv-816-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Voltage Pictures instituted these actions on or about April 3, 2014, in Marion County, Oregon, alleging violations of state trademark law under ORS § 647.095 (seeking remedies under ORS § 647.105).[1] Certain Doe defendants, represented by David Madden and Morgan Pietz, removed both actions to this Court on May 16, 2014. On May 21, 2014, this Court, *sua sponte*, severed and dismissed defendant Does 2–50 in each case. As a result, Mr. Madden and Mr. Pietz no longer represent defendants remaining in either case. On May 27, 2014, plaintiff filed these motions to remand, ECF No. 9, 8.[2]

    This Court is asked to consider: (1) whether this Court has subject matter jurisdiction over the removed actions and (2) whether the removed actions were procedurally defective.

---

[1] Plaintiff asserts its trademark claims against a large number of users of various BitTorrent clients, identified only by their internet protocol (IP) addresses. Plaintiff alleges defendants collectively acted through a BitTorret protocol to download and distribute plaintiff's motion picture *The Dallas Buyers Club* bearing plaintiff's registered trademark "VOLTAGE PICTURES."

[2] This Court notes that the filings in both cases, 6:14-cv-812-MC and 6:14-cv-816-MC, are the same except for their respective Electronic Case File (ECF) numbers. Thus, for purposes of convenience, this Court will cite to filings in 6:14-cv-812-MC. Likewise, this Court uses "defendant(s)" to refer to the former Doe defendants represented by David Madden and Morgan Pietz.

1 – OPINION AND ORDER

Because (1) plaintiff's claim is preempted by Copyright Law and (2) defendants' removal was not procedurally defective, this Court finds that removal was proper. Plaintiff's motions to remand, ECF No. 9, 8, are DENIED.

**I. Subject Matter Jurisdiction**

Defendants removed both cases under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1454. *See* Notice of Removal 1, 3, Civil No. 6:14–cv–00812–MC, ECF No. 1-1. A state action can generally be removed if that action could have been brought originally in federal court, i.e. if this Court has original jurisdiction. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1454 (recognizing removal if an asserted claim for relief arises under "patents, plant variety protection, or copyrights"). To determine whether this Court has original jurisdiction, this Court "examine[s] the 'well pleaded' allegations of the complaint and ignore[s] potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citations omitted). "However, under the artful pleading rule 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) (quoting *Franchise Tax Bd. of Cal., v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)). "A state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *Id*. (citations and internal quotation marks omitted).

Defendants contend that the gravamen of plaintiff's respective claims under ORS § 647.095 (seeking remedies under ORS § 647.105), is copyright infringement, and therefore, the claims are *preempted* by federal copyright law. "Complete preemption is really a jurisdictional

2 – OPINION AND ORDER

rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013) (citations and internal quotation marks omitted). "Complete preemption is a limited doctrine that applies only where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Id*. Numerous Courts, including the Ninth Circuit,[3] have found that the preemption provision of the Copyright Act, 17 U.S.C. § 301(a),[4] completely preempts certain state-law claims falling within its scope. *See, e.g.*, *Ritchie v. Williams*, 395 F.3d 283, 286–87 (6th Cir. 2005) (upholding complete preemption of state contract and tort claims under the Copyright Act); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306–307 (2d Cir. 2004) (upholding complete preemption of state unjust enrichment and declaratory judgment claims under the Copyright Act); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 233 (4th Cir. 1993) (upholding complete preemption of state Computer Crimes Act claim under the Copyright Act).

The issue therefore, is whether plaintiff's claims under ORS § 647.095 (seeking remedies under ORS § 647.105) are preempted by 17 U.S.C. § 301(a). *See, e.g.*, *Laws*, 448 F.3d at 1137. 17 U.S.C. § 301(a) preempts plaintiff's claims if (1) "plaintiff's work come[s] within the subject matter of copyright" and (2) the legal or equitable rights granted under state law "are equivalent

---

[3] *See, e.g.*, *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1146 (9th Cir. 2006) (upholding complete preemption of state right of publicity under the Copyright Act).

[4] 17 U.S.C. § 301(a) provides:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

3 – OPINION AND ORDER

to any of the exclusive rights within the general scope of copyright." *Montz v. Pilgrim Films & Television*, 649 F.3d 975, 979 (9th Cir. 2011).

"As to the first requirement, the leading treatise in this field recognizes that the scope of the subject matter of copyright law is broader than the protections it affords." *Id*. (citing 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 19D.03[A][2][b] (rev. ed. 2010)). A "motion picture" is a work of authorship under the Copyright Act. 17 U.S.C. § 102(a)(6). The motion picture at issue, *Dallas Buyers Club*, was produced by plaintiff and is registered with plaintiff's affiliate, Dallas Buyers Club, LLC.[5] Plaintiff seeks to enjoin Doe defendants from *reproducing, copying, and distributing* the movie *Dallas Buyers Club* because it contains plaintiff's state trademark (VOLTAGE PICTURES) within film credits. *See* Defs.' Notice of Removal 4–5, 12–13, 15–16, 6:14–cv–00812–MC, ECF No. 1-2. The right to *reproduce, copy, and distribute* are exclusive copyright rights reserved to the copyright owner. *See* 17 U.S.C. § 106. Although plaintiff contends that it is merely seeking to prevent the "use, display or sale of" its state trademark (VOLTAGE PICTURES),[6] Pl.'s Mot. Remand 11, Civil No. 6:14–cv–00812–MC, ECF No. 9, plaintiff's complaints clearly encompass subject matter falling within the scope of federal copyright law.[7]

---

[5] Plaintiff's affiliate, Dallas Buyers Club, LLC, has sued BitTorrent users for copyright violations in multiple jurisdictions. *See, e.g.*, *Dallas Buyers Club LLC v. Does 1-26*, No. 14–C–360, 2014 WL 1612251 (E.D. Wis. Apr. 22, 2014); *Dallas Buyers Club, LLC v. Does 1–55*, 1:14-cv-01638 (N.D. Ill. Mar. 10, 2014) (complaint); *Dallas Buyers Club, LLC v. Does 1–31*, 4:14-cv-00248 (S.D. Tex. Feb. 3, 2014) (complaint). Although Dallas Buyers Club LLC is the copyright owner, *see* U.S. Copyright Office, Public Catalog, *Dallas Buyers Club: PA0001873195*, *available at* http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First, plaintiff's counsel "has represented that he is also authorized to bind Dallas Buyers Club, LLC." Defs.' Resp. to Mot. Remand 8, ECF No. 16; *but see* Pl.'s Reply to Mot. Remand 6, ECF No. 22 ("[P]laintiff by not being the copyright holder does not have standing to seek relief under the Copyright Act[.]").

[6] Plaintiff's trademark is the words "VOLTAGE PICTURES," Registration No. 42677. *See* Sec'y of State, Oregon, *Trademarks, Registration Number 42677*, *available at* http://sos.oregon.gov/business/Pages/trademarks.aspx.

[7] For example, plaintiff seeks "entry of permanent injunction enjoining each defendant from infringing plaintiff's rights in plaintiff's mark, including *without limitation by using the Internet to reproduce, copy or distribute any motion picture* which bears plaintiff's mark except pursuant to a lawful license or with the express authority of plaintiff. And further directing each *defendant to destroy all unauthorized Copies of plaintiff's motion pictures*."

4 – OPINION AND ORDER

As to the second requirement, to survive preemption, "a state cause of action must assert rights that are qualitatively different from the rights protected by copyright." *Montz*, 649 F.3d at 980. The state claim "must have an extra element which changes the nature of the action." *Law*, 448 F.3d at 1143 (citation omitted). Plaintiff's original complaints asserted that:

> 81. Defendants, and each of them, without the authorization or consent of plaintiff, used, copied and/or distributed a reproduction, counterfeit and copy of plaintiff's motion picture bearing plaintiff's registered trademark.
> . . .
>
> 83. Plaintiff is entitled to an order [] from this Court enjoining defendants from infringing plaintiff's rights and directing defendants to delete all unauthorized copies of plaintiff's motion pictures.

Defs.' Notice of Removal 15–16, Civil No. 6:14–cv–00812–MC, ECF No. 1-2; *see also* Pl.'s Am. Compl. 11–12, Civil No. 6:14–cv–00812–MC, ECF No. 7 (seeking to enjoin defendant from *using*, *reproducing*, and *distributing*); ORS § 647.095 (recognizing civil action for trademark infringement).[8] A plaintiff asserting trademark infringement in violation of ORS § 647.095 (seeking remedies under ORS § 647.105), must show that defendants' use of the trademark created a *likelihood of confusion. See* ORS § 647.095(1)(a); *see also Shakey's Inc. v. Covalt*, 704 F.2d 426, 431 (9th Cir. 1983); *The Learning Internet v. Learn.com, Inc.*, No. CV 07–227–AC, 2009 WL 6059550, at *30 (D. Or. Nov. 25, 2009); *Newport Pac. Corp. v. Moe's Sw Grill, LLC*, No. 05–995–KI, 2006 WL 2811905 at *11 (D. Or. Sept. 28, 2006). "Whether a

---

Defs.' Notice of Removal 16, 6:14–cv–00812–MC, ECF No. 1-2 (emphasis added); *see also id.* at 26–33 (depicting screen shots of *Dallas Buyers Club* copyrightable content).
[8] ORS § 647.095 provides, in relevant part:

> (1) A person may not:
>
> (a) Use without the registrant's consent and in connection with a sale, distribution, offer for sale or advertisement of goods or services a reproduction, counterfeit, copy or colorable imitation of a mark registered under this chapter *if the use is likely to cause confusion or mistake or to deceive as to the origin of the goods or services*.

(emphasis added).

5 – OPINION AND ORDER

*likelihood of confusion* exists requires [this Court] to consider the eight *Sleekcraft* factors."[9] *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1110 (9th Cir. 1999) (emphasis added) (citation and internal quotation marks omitted). Plaintiff's complaints (original and amended) do not allege a *likelihood of confusion*.

In contrast, a complaint for copyright infringement must "simply alleg[e] present ownership by the plaintiff, registration in compliance with the applicable statute, and infringement by the defendant." CHARLES A. WRIGHT & ARTHUR A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1237, at 404 (3d ed. 2004); *see also Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (indicating that a plaintiff must show "ownership of a valid copyright" and "that the defendant violated the copyright owner's exclusive rights under the Copyright Act").

To the extent that ORS § 647.095 requires proof of an extra element, e.g., likelihood of confusion, the mere presence of that element is not enough to qualitatively[10] distinguish plaintiff's claims from claims in copyright. *See Law*, 448 F.3d at 1144 ("The mere presence of an additional element ('commercial use') in section 3344 is not enough to qualitatively distinguish [plaintiff's] right of publicity claim from a claim in copyright. The extra element must transform the nature of the action."). Plaintiff does not seek to merely enjoin Doe defendants from *using* or

---

[9]The *Sleekcraft* factors include:

> 1. strength of the mark;
> 2. proximity of the goods;
> 3. similarity of the marks;
> 4. evidence of actual confusion;
> 5. marketing channels used;
> 6. type of goods and the degree of care likely to be exercised by the purchaser;
> 7. defendant's intent in selecting the mark;
> 8. likelihood of expansion of the product lines.

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979) *abrogated in part on other grounds as recognized by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n. 19 (9th Cir. 2003).
[10] "To determine whether a claim is qualitatively different, [this Court] look[s] at what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Briarpatch Ltd.*, 373 F.3d at 306 (citation and internal quotation marks omitted).

6 – OPINION AND ORDER

*displaying* a counterfeit of its registered mark. *See* ORS § 647.105 (listing remedies). Plaintiff seeks to enjoin conduct protected under the Copyright Act: the right to *reproduce*, *copy* and *distribute* a motion picture. Defs.' Notice of Removal 4–5, 12–13, 15–16, 6:14–cv–00812–MC, ECF No. 1-2; *see also* 17 U.S.C. § 106. The essence of plaintiff's claim is that the Doe defendants *reproduced*, *copied*, and *distributed* plaintiff's copyrighted film. Plaintiff may not use state trademark, ORS § 647.105, to prevent Doe defendants from reproducing, copying, and distributing the *motion picture*. Plaintiff's concern, if it was limited to state trademark, would be with the *film credits* and not the substance of the film itself. However, as indicated in plaintiffs own pleadings, *see ,e.g.*, Defs.' Notice of Removal 15–16, 6:14–cv–00812–MC, ECF No. 1-2, the gravamen of plaintiff's action lies in Copyright Law. *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1153 (9th Cir. 2010) ("[Plaintiff's] claim that the . . . defendants misappropriated his name and persona is based entirely on the misappropriation of the DVDs and [plaintiff's] performance."); *Law*, 448 F.3d at 1145 ("Although the elements of [plaintiff's] state law claims may not be identical to the elements in a copyright action, the underlying nature of [plaintiff's] state law claims is part and parcel of a copyright claim."). Thus, plaintiff's claims under ORS § 647.095 (seeking remedies under ORS § 647.105) are preempted by the Copyright Act and must be recharacterized as copyright infringement and copyright ownership claims *See Ritchie*, 395 F.3d at 287; *see also Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003) ("[W]e have been careful to caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright." (citation and internal quotation marks omitted)).

## II. Procedural Removal

Plaintiff contends that the underlying removals were procedurally defective because: (1) the removing defendants violated the rule of unanimity; (2) the removing defendants removed under anonymous names; and (3) the removing defendants waived their respective rights to removal. *See* Pl.'s Mot. Remand 8–10, Case No. 6:14–cv–00812–MC, ECF No. 9.

First, as to the rule of unanimity,[11] this Court looks to 28 U.S.C. § 1446(b)(2)(A). 28 U.S.C. § 1446(b)(2)(A) provides:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.[12]

Plaintiff directs this Court's attention to *Chi., Rock I., & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900), and *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232–33 (9th Cir. 1986). In *Hewitt*, the Ninth Circuit noted, in reference to 28 U.S.C. § 1446(b), that "[a]ll defendants must join in a removal petition with the exception of nominal parties." 798 F.2d at 1232–33 (citations omitted). The Ninth Circuit subsequently found that this "nominal parties" exception also extends to "*unknown* or fraudulently joined parties." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (emphasis added) (citations omitted). The rule of unanimity "applies, however, only to defendants *properly joined* and served in the action." *Id.* (citing *Salveson v. W. States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984)). This Court, having recently found defendant Does 2–50 in both cases were improperly joined, *see, e.g.*, Order, May 21, 2014, 6:14–

---

[11] The rule of unanimity "merely says that all the defendants must join in the application for removal." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (citations and internal quotation marks omitted).

[12] Defendants' Notice of Removal identified two bases for removal: 28 U.S.C. § 1441(a) and 28 U.S.C. § 1454. *See* 1, 3, Case No. 6:14–cv–00812–MC, ECF No. 1-1. Under 28 U.S.C. § 1454(b), "removal of an action under [§ 1454] shall be made in accordance with section 1446."

8 – OPINION AND ORDER

cv–00812–MC, ECF No. 5, declines to apply the rule of unanimity to either of defendants' removals under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1454.[13]

Second, as to removal by anonymous defendants, plaintiff contends that this Court should not recognize either removal because the defendants have not revealed their respective identities under FRCP 10(a). Pl.'s Mot. Remand 8–10, Case No. 6:14–cv–00812–MC, ECF No. 9. This Court is "cognizant that the identity of the parties in any action . . . should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Doe*, 488 F.3d 1154, 1155 n. 1 (9th Cir. 2007) (citation and internal quotation marks omitted). "Nonetheless, in exceptional cases where necessary to protect a person from injury or harassment, we have allowed the use of pseudonyms." *Id.* (citations omitted). This Court determines "the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (citations and internal quotation marks omitted). This Court "must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* (citation omitted).

Doe defendants, particularly those previously listed as Does 2–50, have a social interest in protecting their respective identities at this stage in the proceeding. In this Court's previous order, Order, May 21, 2014, 6:14–cv–00812–MC, ECF No. 5, this Court discussed and weighed the relative benefit and cost of "swarm joinder." Having declined to allow "swarm joinder," this Court also declines to deny removal because the removing Doe defendants did not reveal their

---

[13] This Court also briefly notes that the previous sets of Doe defendants (Does 1–50 and Does 1–50) were unidentified, i.e. *unknown*, and had not been served with their respective complaints.

9 – OPINION AND ORDER

identities. To require improperly joined parties to reveal their identities at this early stage in the proceeding would defeat the purpose of this Court's earlier order. *See also* Defs.' Notice of Removal 85–124, 6:14–cv–00812–MC, ECF No. 1-2.[14] As indicated *supra* note 14, identification would likely subject the Doe defendants to threatened litigation outside of this Court's oversight. Such exposure, particularly because many of the former Doe defendants were *pro se*, *see, e.g.*, Defs.' Notice of Removal 46–51, 54–60, 123–26, 6:14–cv–00816–MC, ECF No. 1-2, leaves those same defendants vulnerable to retaliation (i.e., demand letters), *see supra* note 14. In contrast, plaintiff's prejudice at this stage is minimal; the sought Doe identities are no longer parties to this case. Thus, this Court finds that the Does represented by Madden did not need to reveal their respective identities in removing this action.[15]

Third, as to possible waiver, "[a] party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes

---

[14] Professor Matthew Sag, in his forthcoming article, *Copyright Trolling, An Empirical Study*, 100 IOWA L. R. __ (Draft Mar. 15, 2014), found:

> [Multi-Defendant John Doe] lawsuits are filed to take advantage of court ordered discovery to break the veil of anonymity that separates IP addresses from the account information of actual human beings. They are means to compel Internet Service Providers such as Comcast and AT&T to give plaintiff copyright owners names and addresses to match the IP addresses that they already have.
>
> After obtaining the names and addresses of account holders suspected of participating in a Bit Torrent swarm, the plaintiff can set to work negotiating settlements. An account holder accused of infringement is almost invariably threatened with statutory damages and the prospect of paying the plaintiff's attorneys fees if he is unable establish his innocence. Reports indicate that settlements are usually in the range of $200 to $4000 . . . but a small fraction of the potential statutory damages for willful copyright infringement, which can be as high as $150,000 per work infringed. The $4000 figure is also evidently "a sum calculated to be just below the cost of a bare-bones defense."

Defs.' Notice of Removal 85–124, 6:14–cv–00812–MC, ECF No. 1-2. Professor Sag's findings are consistent with plaintiff's own conduct within this district. *See Voltage Pictures, LLC v. Does 1-198*, Nos. 6:13–cv–290–AA, 2013 WL 1900597, at *4–5 (D. Or. May 4, 2013) (demanding $7,500 from individual Doe defendants for downloading the movie *Maximum Conviction* through BitTorrent software).

[15] This Court reserves judgment as to the continued use of pseudonyms in these cases.

10 – OPINION AND ORDER

actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 649 (9th Cir. 2003) (citation and internal quotation marks omitted). "A waiver of the right of removal must be *clear and unequivocal*." *Id.* (emphasis added) (citation and internal quotation marks omitted).

Plaintiff contends that the removal rights of "certain anonymous John Doe defendant ISP subscribers" represented by Madden, *see* Defs.' Notice of Removal 1, Case No. 6:14–cv–00812–MC, ECF No. 1-1, were waived when these Does filed an earlier "Motion to Dismiss; Motion to Quash or Modify Subpoena" on behalf of "DOES A–G," *see* Defs.' Notice of Removal 70–72, Case No. 6:14–cv–00812–MC, ECF No. 1-2; *see also Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, 1470–71 (M.D. Fla. 1993) (holding that defendant waived its right to removal when it filed a motion to dismiss and amended motion to dismiss in state court). However, based upon the arguments presented in plaintiff's own motions,[16] *see* Pl.'s Mot. Remand 10–15, Case No. 6:14–cv–00812–MC, ECF No. 9, this Court is not prepared to find that "it was *apparent* that the case was removable," *EIE Guam Corp.*, 322 F.3d at 649 (emphasis added) (citation omitted); *see also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998) (finding that an "ambiguous" initial pleading "did not provide unequivocal notice of the right to remove"). Thus, this Court finds that the Does represented by Madden did not waive their respective rights to removal because it was not *apparent* that either case was removable.

## CONCLUSION

For these reasons, plaintiff's motions to remand, ECF No. 9, 8, are DENIED.

---

[16] Plaintiff argued at length that this Court lacks subject matter over plaintiff's cause of action.

11 – OPINION AND ORDER

IT IS SO ORDERED.

DATED this 20th day of June, 2014.

_____s/ Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**

12 – OPINION AND ORDER